ONE PACKAGE OF READY-MADE CLOTHING (UNITED STATES v.). See Case No. 15,950.

ONE PIECE OF SILK (UNITED STATES v.). See Case No. 15,951.

ONE RECTIFYING ESTABLISHMENT (UNITED STATES v.). See Case No. 15,952.

ONE SORREL HORSE (UNITED STATES v.). See Case No. 15,953.

## Case No. 10,534.

### ONE STILL.

[1 Ben. 374; 6 Int. Rev. Rec. 59.] 1

District Court, S. D. New York. Aug., 1867.

INFORMER'S SHARE—PERCENTAGE ON GROSS AMOUNT.

Under section 179 of the internal revenue act of June 30th, 1864 [13 Stat. 305], as amended

---

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 6 Int. Rev. Rec. 59, contains only a partial report.]

by the act of July 13th, 1866 [14 Stat. 145], and the regulations of the secretary of the treasury of August 4th, 1866, the amount of an informer's percentage is to be calculated upon the gross proceeds of the forfeiture, without deducting the costs.

At law.

S. G. Courtney, Dist. Atty., for the United States.

Henry & Clarkson, for informer.

BLATCHFORD, District Judge. In this case, William H. Craig was the person who first informed of the cause, matter, and thing whereby the forfeiture of the property proceeded against and condemned in this suit was incurred. The condemnation was by default. The informer now asks the court to decree, that he is entitled to have the share or percentage of such forfeiture, to which, as such person, he is entitled, computed on the whole or gross amount of the proceeds of the sale of the property.

By section 179 of the internal revenue act of June 30th, 1864 (13 Stat 305), as amended by the act of July 13, 1866 (14 Stat. 145), it is provided, 'that "all fines, penalties, and forfeitures which may be imposed or incurred, shall and may be sued for and recovered, where not otherwise provided, in the name of the United States; * * * and, where not otherwise provided for, such share as the secretary of the treasury shall, by general regulations, provide, not exceeding one moiety, nor more than five thousand dollars in any one case, shall be to the use of the person, to be ascertained by the court which shall have imposed or decreed any such fine, penalty, or forfeiture, who shall first inform of the cause, matter, or thing whereby such fine, penalty, or forfeiture shall have been incurred." In pursuance of this provision, the secretary of the treasury issued circular instructions, dated August 14, 1866, which are still in force, wherein, after reciting the language of the act of July 13th, 1866, he says: "Under the authority here conferred, the following schedule of informers' shares is hereby prescribed: Of the first five hundred dollars of any penalty, the informer shall receive fifty per cent.; of the next fifteen hundred dollars, forty per cent.", &c., &c. The secretary then says: "Thus, if the penalty is five hundred dollars, the informer will receive two hundred and fifty dollars; if one thousand dollars, four hundred and fifty dollars; if two thousand dollars, eight hundred and fifty dollars," &c., &c. These regulations are still in force, and it is not disputed that they are applicable to the present case. But it is contended, on the part of the government, that it is the meaning of the statute, that the informer's share, whatever it may be, shall be estimated on the sum actually received by the government; that, until recently, the marshal, on the sale of forfeited property, paid its pro-

ceeds into the registry of the court, and the clerk then paid, out of such proceeds, the costs and expenses of the suit, and paid over the remainder to the collector of internal revenue, for distribution; that, in such case, the sum received by the government was the sum received by the collector, and not the sum paid into the registry of the court, the clerk receiving the money from the marshal, not as the agent of the United States, but as the officer of the court; that where, as now, the practice is for the clerk to pay the informer's share directly to him, and the balance directly to the proper government officer, the government does not, any more than in the other case, receive that portion of the proceeds which has been consumed in the payment of costs; that this view is supported by the decision made by Judge Benedict, in the case, in the Eastern district of New York, of U. S. v. Seven Large Fermenting Tubs [Case No. 16,254], who, while holding that, under the statute and the general regulations made by the treasury department, the percentage of the informer is to be calculated upon the gross proceeds of the forfeited property, also held, that the costs of the proceedings, through which the fund in court is realized, are a charge upon the whole fund, and must, in the distribution, be paid out of the proceeds of sale, before the share of the informer can be distributed to him; that, in this view, the government cannot be said, in any proper sense, to receive the costs, so as to distribute a portion of them to the informer; and that the informer has nothing to do with anything but what the government actually receives.

This whole argument on the part of the government is based on a fallacy. The share given to the informer by the statute, is such share of the fine, penalty, or forfeiture, whether it is recovered with or without judgment or decree (but not exceeding one moiety, nor more than five thousand dollars in any one case), as the secretary of the treasury shall prescribe by general regulations. The statute confides the whole matter of the amount of the informer's share to the discretion of the secretary, to be exercised by general regulations, subject to the limitation fixed by the statute. In the case of a fine, penalty, or forfeiture recovered by suit, the statute requires that the court decreeing the recovery shall ascertain who was the first informer; and, in the case of any sum paid without suit, or before judgment, in lieu of fine, penalty, or forfeiture, the statute requires the secretary to determine, under general regulations to be made by him, who was the first informer. The first informer is defined by the statute to be the person who first informed of the cause, matter, or thing, whereby the fine, penalty, or forfeiture was incurred. That person is the person declared by the statute to be entitled to the share so to be prescribed by the secretary, by gen-

eral regulations. The statute contemplates that the general regulations shall assign to an informer one and the same share of a fine, penalty. or forfeiture, whether it is recovered by suit, or whether a sum is paid in lieu of it, by way of compromise; and the secretary has so interpreted the law. The shares he prescribes are for shares of all proceeds and moneys, whether recovered by judgment or paid without suit or before judgment, and are applicable to all fines, all penalties, and all forfeitures incurred under the internal revenue laws. The fallacy of the view taken by the government, is in the idea that, under the statute or the general regulations, the informer's share is to be estimated on the sum received by the government. There is, in the first place, nothing in the statute to uphold this view. That portion of the section which speaks of the vesting of a right in the informer, has reference solely to the time when the right shall vest in the informer, and says that no right shall accrue to or be vested in the informer until the fine, penalty, or forfeiture is fixed by judgment or compromise, and the proceeds or amount shall have been paid, and that then the informer shall become entitled to his legal share of the sum adjudged, or agreed upon, and received. There is nothing in this provision which necessarily restricts the informer's share to a share of the proceeds or amount paid to or received by the government. The provision has no reference to amount, but concerns only the question of time, and was intended to guard against all claim by an informer to a vested right in a fine, penalty, or forfeiture incurred. Nor, in any view, can the word paid, or the word received. in this provision, mean paid to the government, or received by the government. The provision, so far as the import of the words paid and received is concerned, means, that until, in the case of a recovery by judgment, the fine, penalty, or forfeiture is fixed by the judgment, and the amount or proceeds shall have been paid thereunder, and until, in the case of the payment of a sum without suit or before judgment, in lieu of fine, penalty, or forfeiture, the sum is fixed by compromise and paid, the informer shall have no right, or title or vested interest to or in any share of it. The words paid and received have no reference whatever to the payment to, or the receipt by, the government of its share of the amount or proceeds of the recovery, or of its share of the sum paid by way of compromise. In the present case, under the decree of condemnation, the right of the informer did not vest until the payment to the marshal of the proceeds of the sale of the condemned property, but, when those proceeds were paid to the marshal, then the informer became entitled to his legal share of those proceeds. That share is a percentage, to be calculated, according to the general regulations. on the gross amount of the proceeds so paid to the marshal. Those gross proceeds are the forfeiture, or, in other words,

the property condemned as forfeited, and ordered by the decree to be sold by the marshal; and the general regulations give to the informer, as his share, a percentage to be calculated on the amount of the forfeiture, that is. on the amount of the gross proceeds of the sale of the property condemned as forfeited. If any interpretation were to be given to the provision of the statute which says that the informer shall be entitled to his legal share of the sum adjudged, or agreed upon, and received, as in any way defining the amount of the share, such interpretation would be, that the informer is entitled to a share of the sum adjudged, or the proceeds of the property adjudged, to be the forfeiture, or the sum agreed upon in lieu of the forfeiture, and received, and thus to a share, in the present case, of the gross proceeds of the sale of the property condemned as forfeited. But the whole question of the amount of the share, within the limits fixed by the statute, is left to the secretary. He may, by general regulations, make it greater or less. He might have followed the example set by the ninety-first section of the tariff act of March 2d, 1799 [1 Stat. 697], which says. that all fines, penalties, and forfeitures, recovered by virtue of that act, shall, "after deducting all proper costs and charges," be disposed of in a certain way. He might have directed that the costs and expenses of the suit should be first deducted, and that the informer should then have a certain percentage of the net proceeds remaining. But he has not seen fit to do so. He has said, as strongly as negative language can say it, that the costs and expenses of the suit shall not be first deducted, but that the informer shall receive a percentage, to be calculated on the amount paid as a fine or penalty, by the person on whom the fine or penalty is imposed, or on the proceeds of the sale of the property condemned as forfeited. and that no part of the costs or expenses shall be charged upon the share of the informer. The secretary had a right to say this. He had a right to give to the informer such share, within the limits fixed, as, in the exercise of his discretion. he thought calculated to promote the objects aimed at by the statute. The statute was intended to encourage persons to inform as to causes of forfeiture. and the presumption is, that the secretary deemed it wise, on the whole, to hold out to informers the inducements offered by his regulations, by. saying to them that no part of the costs or expenses should be charged upon the share resulting from the percentage affixed to a given case. And, in this connection, I am free to say, that I do not concur with Judge Benedict in his view. that the costs and expenses of the proceedings, through which the fund in court is realized, are a charge on the whole fund, and must be paid out of the proceeds of sale, before the share of the informer can be distributed to him. if the conclusion from that view is, that the informer's share, ascertained by computing his percentage on the

gross proceeds, can be made liable for a portion of the costs and expenses, if the residue beyond the informer's share is not sufficient to defray those costs and expenses.

The result is, that an order must be entered, in this case, declaring William H. Craig to be the person who first informed of the cause, matter, or thing whereby the forfeiture of the property condemned in this suit was incurred, and that he is entitled to have the share or percentage of such forfeiture, to which, as such person, he is entitled, computed on the gross amount of the proceeds of the sale by the marshal, under the decree herein, of such property.

[At a subsequent reargument of this case, Judge Blatchford confirmed the conclusion at which he had arrived in the first hearing of the case. Case No. 15,955.]

ONE STILL (UNITED STATES v.). See Cases Nos. 15,954–15,956.

ONE THOUSAND FIVE HUNDRED BALES OF COTTON (UNITED STATES v.). See Cases Nos. 15,957 and 15,958.

ONE THOUSAND FOUR HUNDRED AND SIX BOXES OF SUGAR (UNITED STATES v.). See Case No. 15,959.

ONE THOUSAND FOUR HUNDRED AND TWELVE GALLONS OF DISTILLED SPIRITS (UNITED STATES v.). See Case No. 15,960.

ONE THOUSAND SEVEN HUNDRED AND FIFTY-SIX SHARES OF CAPITAL STOCK (UNITED STATES v.). See Case No. 15,961.

ONE THOUSAND SIX HUNDRED AND TWENTY-FIVE VITRIFIED PIPES (DUNHAM v.). See Case No. 10,536.

ONE THOUSAND THREE HUNDRED AND EIGHTY-TWO HOGSHEADS OF SUGAR (UNITED STATES v.). See Cases Nos. 15,962 and 15,963.

ONE THOUSAND THREE HUNDRED AND SIXTY-THREE BAGS OF MERCHANDISE (UNITED STATES v.). See Case No. 15,964.